**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

QUINCEY GERALD KEELER, )
)
                Plaintiff, ) **CIVIL ACTION**
)
v. ) No. 08-1168-MLB
)
ARAMARK, et al., )
)
                Defendants. )
)

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Aramark's motion to dismiss and plaintiff's motion for reconsideration.[1] (Doc. 40, 44). The motions have been fully briefed and ripe for decision. (Docs. 45, 47, 50, 51, 53, 58).

Plaintiff, Quincey "Jerry" Keeler, makes claims against his employer, Aramark, and others under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Plaintiff also alleges various state tort claims. Plaintiff claims that defendants erroneously documented absences in his employee file, failed to reinstate him to his prior position, failed to pay him for the Labor Day holiday and retaliated against him due to his FMLA allegations.

**I.**    **Facts and Procedural History**[2]

Plaintiff is employed by Aramark as a food services worker in the cafeteria at Wesley Medical Center in Wichita, Kansas. On August

---

[1] Defendant Larry Gengler has moved to join in Aramark's filings. (Docs. 43, 46, 54, 59, 61). Those motions are granted.

[2] The court will address each allegation more specifically in the analysis section.

27, 2007, plaintiff was hospitalized for a medical condition. Plaintiff was released from hospital on September 5. Aramark listed plaintiff's absence on August 27 to the 31st as "no fault" instead of leave under FMLA. On November 2, 2007, plaintiff's physician released plaintiff to return to work. When plaintiff returned, his supervisors placed him in a food service position. Prior to plaintiff's medical leave, plaintiff had been working as a cashier.

Plaintiff filed his complaint on June 2, 2008. Aramark was served on August 13. On September 22, plaintiff claims that Aramark falsely issued an attendance write-up for August 1, a day that plaintiff had used as a "time worked" day.

On March 5, 2009, plaintiff dined at the Wesley Cafe as a customer. Plaintiff paid for his meal and was issued a receipt. Aramark employees then questioned plaintiff about whether he paid for his meal. An investigation was initiated by Jason Watts, the director, and Diana Porter, plaintiff's supervisor. Plaintiff was embarrassed by the investigation. Watts and Porter documented the incident in plaintiff's employee file.

On June 22, this court struck plaintiff's complaint due to failure to comply with the Federal Rules of Civil Procedure. (Doc. 39). Plaintiff's complaint was 227 pages long and consisted of ambiguous and incomprehensible allegations. The court ordered plaintiff to comply with the rules and file an amended complaint. Plaintiff filed his amended complaint on July 17. In reality, the amended complaint is a little better than the original complaint. It is not by any stretch of the imagination the "short and plain statement" required by Fed. R. Civ. P. 8(a). While shorter, it is

prolix, repetitious and hard to read.  But because it is doubtful that plaintiff will ever be able to comply with Rule 8, the court decided not to require yet another amended complaint.

Defendants Aramark and Larry Gengler move to dismiss plaintiff's complaint or, in the alternative, move for a more definite statement and to strike portions of the amended complaint.  Plaintiff's amended complaint also names eleven other defendants.  Those defendants have not been served and have not entered an appearance.

**II.  Plaintiff's Pro Se Status**

The court is mindful that plaintiff is proceeding pro se.  It has long been the rule that pro se pleadings, including complaints and pleadings connected with summary judgment, must be liberally construed.  See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998).  This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction.  See Hall, 935 F.2d at 1110.  Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant.  See id.  Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district. See id.; Hill, 14 F. Supp.2d at 1237.  A pro se litigant is still expected to follow fundamental procedural rules.  Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

**III. Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known.  To withstand a motion to dismiss for failure to state

-3-

a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**IV. Analysis**

    **A. FMLA Claims**

Plaintiff brings claims for FMLA interference/entitlement and discrimination/retaliation pursuant to 29 U.S.C. § 2615(a)(1) and (a)(2), respectively. The FMLA affords a qualified employee twelve weeks of unpaid leave each year for serious health problems that prevent the employee from performing his job. 29 U.S.C. § 2612(a)(1)(D). The FMLA requires an employer to reinstate an employee to his former position or its equivalent upon the employee's timely return from FMLA leave. 29 U.S.C. § 2614(a). To prevail on an entitlement claim, the employee must prove an FMLA right to leave or reinstatement; the employer's interference with, restraint of or denial of that right; and prejudice resulting to the employee. Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 90, 122 S. Ct. 1155, 1161, 152 L. Ed.2d 167 (2002).

An employee may recover damages against the employer when it has interfered with the right to medical leave or reinstatement following medical leave. 29 U.S.C. § 2615; Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 960 (10th Cir. 2002).

> To make out a prima facie claim for FMLA interference, a plaintiff must establish (1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights.

Jones, 427 F.3d at 1319.

> To state a prima facie case of retaliation, [a plaintiff] must show that: (1) she engaged in a protected activity; (2) [the defendant] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action.

Metzler v. Federal Home Loan Bank of Topeka, 464 F.3d 1164, 1171 (10th Cir. 2006). If a plaintiff establishes interference with his FMLA rights, then the employer bears the burden of proof on the third element. Id. at 1172.

Plaintiff has alleged a total of 12 claims under the FMLA. Aramark has moved to dismiss those claims on the basis that plaintiff has not alleged any actual damages.

**1. Claims 1, 2, 3, 4, 6, 8, 11**

In these claims, plaintiff alleges that Aramark has violated the FMLA by counting his absences on the days plaintiff was in the hospital and on medical leave as "no fault" absences instead of leave under the FMLA. Aramark asserts that these claims must be dismissed because plaintiff has failed to plead that he has suffered actual damages as a result of Aramark's actions.

The FMLA permits recovery for "wages, salary, employment

-5-

benefits, or other compensation denied or lost," and "for such equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1)(A)(i)(I), (a)(1)(B). The FMLA clearly allows plaintiff to seek damages other than actual economic damages. In Roseboro v. Billington, 606 F. Supp.2d 104 (D. D. C. 2009), the court recognized that the plaintiff had a valid claim for equitable relief when the defendant improperly documented his absences as "absent without leave." After finding that the improper characterization violated the FMLA, the court ordered the defendant to expunge the plaintiff's employment record of the wrongful charge. Roseboro, 606 F. Supp.2d at 113.

Although plaintiff has not expressly stated that he needs his record expunged, plaintiff asks for injunctive relief and relief from the prejudice as a result of the notations on is record. Because the court is compelled to view plaintiff's complaint liberally, it believes that plaintiff has sufficiently stated a request for equitable relief, including a corrected employment record.[3]

In its brief, Aramark asserts that injunctive relief in the form of removal of erroneous notations in plaintiff's record is moot

---

[3] Aramark argues that injunctive relief was not asserted against it but against other defendants. (Doc. 45 at 6). In the "Relief" section of plaintiff's amended complaint (Doc. 41 at 31), plaintiff seeks injunctive relief against Aramark in the form of "stop[ping] managers from retaliations," restoring his prior position, requiring training of managers, termination of certain employees and allowing plaintiff to be eligible for rehire. In each separate claim, plaintiff also asks for relief from the prejudice of the negative marks on his record. The court believes that plaintiff has sufficiently stated a claim for equitable relief in the form of expunging his record of false notations only. Clearly, he is not entitled to any "equitable" relief involving Aramark's actions with respect to other employees. Eligibility for rehire is not appropriate because plaintiff has never been terminated.

because those were corrected. (Doc. 45 at 6). The issue, however, is before the court on a motion to dismiss and therefore the facts must be construed in favor of plaintiff.[4] Aramark may present that evidence to the court in a subsequent motion for summary judgment.

Therefore, Aramark's motion to dismiss claims 1, 2, 3, 4, 6, 8, 11 is denied.

### 2. Claim 5

In claim 5, plaintiff claims that he was not paid on Labor Day in violation of the FMLA. Aramark seeks dismissal of this count because plaintiff failed to allege that non-leave employees are paid on the Labor Day holiday. Plaintiff, however, has alleged that the employment handbook states that employees who are absent on the Labor Day holiday with approval from management are paid. This is sufficient to state a claim for discrimination under the FMLA.

### 3. Claim 7

In plaintiff's seventh claim, he alleges that he lost pay during September and October because Aramark refused to allow him to return to work even though he had been released by his doctor on September 15. Aramark asserts that this claim should be dismissed because it is contradictory with claim six which asserts that his doctor cleared him to work on November 2. Plaintiff responds that he was able to return to work on September 15 as a cashier and Aramark refused to allow him to do so. The allegations, and plaintiff's response, are

---

[4] Moreover, this statement is contained in Aramark's briefing and is not a statement of fact supported by evidence. Aramark's interests in this case would have been served far better had its counsel eschewed a motion to dismiss and instead taken enough discovery to support a motion for summary judgment.

-7-

contradictory and confusing. Plaintiff was either on FMLA leave until November 2 or he was not.

Plaintiff must file a more definite statement to establish the dates of his FMLA leave and the contents of the medical releases he is relying on for claims six and seven. The statement is limited to two double-spaced pages. If plaintiff violates this directive, the court will dismiss claim 7, with prejudice. The court has had more than enough of plaintiff's prolix submissions. Plaintiff must file his more definite statement (pertaining to those claims only) by December 7.

### 4. Claims 9 and 10

In these two claims, plaintiff asserts that Aramark violated the FMLA by failing to reinstate him to his position of cashier. Instead, he says, Aramark placed him in a food services worker position preparing food for the customers. Plaintiff alleges that this job is a lesser position and requires a different skill. Aramark argues that plaintiff has failed to state a claim because the position of food service worker is an equivalent position of that of cashier. (doc. 45 at 5).

The FMLA requires employers to restore an employee returning from FMLA leave to either the same position or "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1)(A)-(B). The regulation defining an equivalent position focuses on the factors of equivalent pay, equivalent benefits, and equivalent terms and conditions of employment. 29 C.F.R. § 825.215 (2000). An equivalent position must have substantially similar duties, conditions,

responsibilities, privileges and status as the employee's original position.  Id. at § 825.215(e).  The requirement that an employee be restored to the same or equivalent job with the same or equivalent pay, benefits, and terms and conditions of employment does not extend to de minimis or intangible, unmeasurable aspects of the job.  Id. at § 825.215(f).

In viewing the complaint in the light most favorable to plaintiff, the court finds that plaintiff has stated a claim for reinstatement under the FMLA.  Plaintiff alleges that his current duties primarily entail preparing food.  Prior to his leave, plaintiff was a cashier and spent his work day ringing up food orders.  At this stage in the proceedings, i.e. a record unsupported by evidence, the court cannot find that a food service worker and a cashier have substantially similar duties.

Therefore, Aramark's motion to dismiss counts nine and ten is denied.

### 5. Damages

Aramark seeks dismissal of plaintiff's request for liquidated and punitive damages, as well as damages for emotional distress.  The FMLA statutory framework does expressly limit damages to lost compensation and other actual monetary losses.  Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001).  Therefore, plaintiff's claim for emotional damages is not available.  Id. (citing Lloyd v. Wyoming Valley Health Care Sys., Inc., 994 F. Supp. 288, 291-92 (M. D. Pa. 1998)).

Plaintiff's claim for liquidated damages, however, may be available because the court has found that plaintiff alleged a claim

of lost pay for the Labor Day holiday. Under 29 U.S.C. 2617(a)(1)(A), a plaintiff may recover liquidated damages in the amount of actual damages if the defendant acted in bad faith. See also Deffenbaugh v. Winco Fireworks Int'l, LLC., No. 06-2516, 2007 WL 2729428 (D. Kan. Sept. 18, 2007).

Aramark's motion to dismiss plaintiff's claim for economic damages under the FMLA is granted and its motion to dismiss plaintiff's claim for liquidated damages is denied.

### B. Hostile Work Environment

In claim thirteen, plaintiff asserts a claim of hostile work environment against Aramark for allowing false write-ups in his employee file in retaliation of his FMLA claims. Aramark argues that this claim must fail because there is no such claim available under the FMLA. The court agrees. Because there is no statutory authority for a hostile work environment claim under the FMLA claim thirteen is dismissed.

### C. Civil Rights Violation

In claim fourteen, plaintiff asserts a civil rights claim against Aramark for the investigation into plaintiff's alleged failure to pay for his meal when he was not working. Aramark asserts that this claim should be dismissed as plaintiff has failed to state cognizable claim. Aramark is correct. Plaintiff has failed to allege that Aramark's conduct constituted state action. Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). Claim fourteen is dismissed.

### D. Negligence Claims

In claims fifteen, sixteen and seventeen, plaintiff states that Aramark has negligently supervised, retained and trained its

-10-

management staff.  Aramark asserts that these claims should be dismissed because they are duplicative of the FMLA claims, citing <u>Day v. Excel Corp.</u>, No. 94-1439, 1996 WL 294341, *14 (D. Kan. May 17, 1996).  <u>Day</u> held "a claim for negligent supervision is precluded where there are adequate statutory remedies under state or federal law." <u>Id.</u> (citing <u>Schweitzer-Reschke v. Avnet, Inc.</u>, 874 F. Supp. 1187 (D. Kan. 1995).

Plaintiff's claims appear to be based on his allegations set forth in his FMLA claims.  Plaintiff asserts that Aramark employees failed to investigate his complaints and harassed him by instigating an investigation.  These internally inconsistent allegations are different from his FMLA claims.  He also requests relief for his mental stress and the continued retaliation by Aramark employees. Relief for emotional damages is not available under the FMLA.

Moreover, the FMLA clearly provides that "Nothing in this Act or any amendment made by this Act shall be construed to supersede any provision of any State or local law that provides greater family or medical leave rights than the rights established under this Act or any amendment made by this Act."  29 U.S.C. § 2651(b).  The language in the statute supports a finding that a plaintiff may pursue a state remedy if it provides that plaintiff with greater rights.  In <u>Day</u>, the court held that the negligence claims were dismissed after a discussion on the merits and alternatively held that they would have been dismissed because the plaintiff failed to establish that the claims were not wholly duplicative of the FMLA claims.  1996 WL 294341 at *14.

At this stage, viewing the allegations in favor of plaintiff,

the court does not find that plaintiff's allegations are wholly duplicative of his FMLA claims. Moreover, plaintiff seeks damages for his negligence claims that are not available under the FMLA. Aramark's motion to dismiss the negligence claims are therefore denied.[5]

### E. Intentional Infliction of Emotional Distress[6]

In claims eighteen, nineteen, twenty and twenty-one, plaintiff alleges that Aramark acted with extreme outrageous conduct when Aramark employees tore up his doctor's note (eighteen), falsified attendance records (nineteen), failed to return plaintiff to his original position (twenty) and instigated a false investigation into whether plaintiff paid for his food (twenty-one). In construing plaintiff's complaint liberally, plaintiff appears to be making a claim for intentional emotional distress.

In order to recover on a claim for emotional distress, plaintiff must prove: (1) intentional conduct; (2) the conduct must be extreme and outrageous; (3) a causal connection between defendant's conduct and plaintiff's mental distress; and (4) plaintiff's mental distress must be extreme and severe. Moore v. State Bank of Burden, 240 Kan. 382, 388, 729 P.2d 1205 (1986), cert. denied, 482 U.S. 906 (1987). "The threshold inquiries for the tort of outrage are whether (1) the

---

[5] Because Aramark did not move to dismiss the negligence claims on their merits, the court will not address the merits of plaintiff's negligence claims, if any.

[6] Aramark argues that these claims should be dismissed because they are preempted by federal law. However, two of plaintiff's allegations are not based on actions stated in his FMLA claims. Therefore, the court believes that it would be best to first address the merits of the claims, if any.

-12-

defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery and (2) the emotional distress suffered by the plaintiff is so extreme the law must intervene because no reasonable person would be expected to endure it." Bolden v. PRC Inc., 43 F.3d 545, 553 (10th Cir. 1994). Conduct is sufficient to satisfy this test when it is so outrageous and extreme in degree "as to go beyond the bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." Fusaro v. First Family Mortgage Corp., 257 Kan. 794, 805, 897 P.2d 123 (1995). Kansas courts have repeatedly stated that liability may be found when "the recitation of the facts to an average citizen would arouse resentment against the actor and lead that citizen to spontaneously exclaim, 'Outrageous!'" Id.

Even when viewed in his favor, the court cannot find that the facts recounted by plaintiff, even if true, are atrocious and utterly intolerable. Plaintiff must point to facts that meet the test for outrage. Kansas courts have set a "very high standard" and plaintiff has failed to meet the threshold test. Briggs v. Aldi, Inc., 218 F. Supp. 2d 1260, 1263 (D. Kan. 2002). Plaintiff has had two opportunities to allege facts meeting this high standard and the court is not going to give him another chance. Aramark's motion to dismiss plaintiff's claims for intentional infliction of emotional distress is granted.

**F. Conspiracy**

In claims twenty-two, twenty-three and twenty-four, plaintiff alleges that Aramark and its employees have conspired against plaintiff to harm his employment by falsifying attendance records,

-13-

change his position and act with hostility towards plaintiff. In order to state a claim for civil conspiracy under Kansas law, plaintiff must base his conspiracy claim on an underlying actionable tort. Heartland Surgical Specialty Hosp., LLC v. Midwest, 527 F. Supp.2d 1257, 1325 (D. Kan. 2007) ("The unlawful act [underlying a civil conspiracy claim] may be an actionable violation of a Kansas statute or an actionable tort independent of the conspiracy.")

Plaintiff's civil conspiracy claims are clearly based on his alleged violations of the FMLA. Claim twenty-two discusses a supposed conspiracy to falsify plaintiff's attendance records instead of marking his absence as medical leave; claim twenty-three discusses Aramark's refusal to allow plaintiff to return to his previous duties after medical leave; and claim twenty-three discusses a hostile work environment in retaliation for filing his FMLA suit.

In White v. Graceland Coll. Ctr. for Prof'l. Dev. & Lifelong Learning, Inc., No. 07-2319, 2008 WL 4148602 (D. Kan. Sept. 4, 2008), Judge Murgia held that a plaintiff cannot base a civil conspiracy claim on a violation of the FMLA:

> Although both parties offer support for their positions, the Kansas Supreme Court has not explicitly addressed the question of whether the violation of a federal law such as FMLA can serve as the underlying wrong for a civil conspiracy claim. However, subsequent decisions have interpreted Stoldt [v. City of Toronto, 678 P.2d 153 (Kan. 1984)] as requiring commission of an underlying tort. Pepsi-Cola Bottling Co. v. PepsiCo, Inc., 431 F.3d 1241, 1268 (10th Cir.2005) (upholding district court's dismissal of civil conspiracy claim where plaintiff alleged "no actionable tort"); NL Indus., Inc. v. Gulf & W. Indus. Inc., 650 F.Supp. 1115, 1131 (D.Kan.1986) (dismissing civil conspiracy claim where overt acts alleged did not constitute actionable torts).
>
> This court has previously predicted that the Kansas Supreme Court would require that a civil conspiracy claim

-14-

> be predicated on a "valid, actionable underlying tort" rather than, for instance, on a mere breach of contract claim. See JP Morgan Trust Co. Nat'l Ass'n v. Mid-Am. Pipeline Co., 413 F.Supp.2d 1244, 1268-69 (D. Kan. 2006); see also Meyer v. Christie, No. 07-2230-JWL, 2007 WL 3120695, at *6 (D. Kan. Oct. 24, 2007); Petroleum Energy Inc. V. Mid-America Petroleum, Inc., 775 F. Supp. 1420, 1429 (D. Kan. 1991); Kirk v. Nat'l Carriers, Inc., Case No. 05-1199-MLB, 2006 WL 618136, at *5 (D. Kan. Mar. 10, 2006).
>
> And this court has specifically rejected attempts to characterize alleged violations of the FMLA as tort claims. See, e.g., Gearhart v. Sears, Roebuck & Co., 27 F. Supp.2d 1263, 1278 (D.Kan .1998); Lange v. Showbiz Pizza Time, Inc., 12 F. Supp.2d 1150, 1154-55 (D. Kan. 1998); Lines v. City of Ottawa, No. 02-2248-KHV, 2003 WL 21402582, at *10 (D. Kan. June 16, 2003); Day v. Excel Corp., No. 94-1439-JTM, 1996 WL 294341, at *13 (D. Kan. May 17, 1996).
>
> This court concludes, after careful consideration, that an FMLA violation does not constitute an actionable underlying tort upon which a civil conspiracy claim may rest.

2008 WL 4148602, at *2-3.

This court agrees with the reasoning of Judge Murgia and concludes that an FMLA violation cannot constitute the underlying tort in a civil conspiracy claim. Therefore, Aramark's motion to dismiss those claims is granted.

### G. Motion to Reconsider

On July 17, 2009, plaintiff filed a motion to reconsider. (Doc. 40). It appears that plaintiff was seeking to reconsider this court's potential dismissal of his amended complaint. The court did not, however, dismiss plaintiff's amended complaint. Therefore, plaintiff's motion to reconsider is moot.

### H. Motion to Strike and Motion for Sanctions

On September 15, plaintiff filed a "Reply to Defendant's Reply." (Doc. 57). Aramark moved to strike plaintiff's surreply on the basis

that he did not seek leave of the court prior to his filing. Aramark's motion is granted. The rules do not contemplate the filing of a surreply and the court did not consider plaintiff's surreply.

On October 27, plaintiff moved for sanctions against Aramark for failing to serve its reply on time. Plaintiff asserts that Aramark should be required to overnight all filings to plaintiff. The court declines to sanction Aramark for the mailing. Plaintiff has failed to establish that this delay caused him prejudice. Plaintiff did not have leave of court to file a surreply and, as such, did not have any reason to file a response to the reply. Plaintiff's motion for sanctions is denied. (Doc. 63).

### I. Remaining Defendants

Plaintiff's amended complaint names an additional eleven individuals who have not been served. Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant ...." Plaintiff's amended complaint was filed July 17 and, therefore, 120 have passed without plaintiff serving the remaining defendants. Plaintiff must therefore show cause by December 7 why the court should not dismiss the remaining defendants for failure to effect service. Plaintiff's response must not exceed two double-spaced pages.

### V. Conclusion

Aramark's motion to dismiss is granted in part and denied in part. (Doc. 44). Plaintiff must file a more definite statement to

establish the dates of his FMLA leave and the contents of the medical releases he is relying on for claims six and seven. Plaintiff must also file a more definite statement which includes the wages which he has allegedly lost. Plaintiff must file his more definite statement (pertaining to his lost wages and claims six and seven only) by December 7.

Aramark's motion to strike pages five and six of plaintiff's amended complaint is granted. Aramark's motion to strike plaintiff's surreply is granted. (Doc. 57). Plaintiff's motion to reconsider (Doc. 40) and motion for sanctions (Doc. 63) are denied.

This case is returned to the assigned magistrate judge for pretrial proceedings on the FMLA and negligence claims only. The court strongly suggests that the magistrate judge consider imposing page limits and other appropriate restrictions on further filings by plaintiff.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed two pages and shall strictly comply with the standards enunciated by this court in Comeau. The

response to any motion for reconsideration shall not exceed two pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __24th__ day of November 2009, at Wichita, Kansas.

                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE