# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

QUINCEY GERALD KEELER, )
)
        Plaintiff, )
)
vs. )   Case No. 08-1168-MLB-DWB
)
ARAMARK, )
)
        Defendant. )
)

## **ORDER**

    Before the Court are the following motions:

- Plaintiff's "Motion for Leave to be Allowed to Have More Request for Admissions than 25 (Declaration of Necessity)" (Doc. 94) with Defendant's response (Doc. 97);

- Plaintiff's "Motion to Quash Subpoena" (Doc. 100) and "Motion Sanctions (sic) for Subpoena" (Doc. 101), with Defendant's response to both motions (Doc. 106) and Plaintiff's reply (Doc. 110);

- Plaintiff's "Motion for Sanctions for 2nd Subpoena" (Doc 103) and "Motion to Quash 2nd Subpoena" (Doc. 104), with Defendant's response to both 106); and

- Defendant's "Motion to Unseal Plaintiff's *In Forma Pauperis* Pleadings" (Doc. 108, 109), with Plaintiff's response (Doc. 111) and Defendant's reply (Doc. 113).

Having reviewed the submissions of the parties, the Court is prepared to rule on these pending motions.

## BACKGROUND

Plaintiff brought the present action in June of 2008, claiming violations of his civil rights by his former employer, Defendant Aramark.[1] (Doc. 1.) He also claims violations of the FMLA, including retaliation, basically contending he was placed in a lesser position upon returning from medical leave. (*Id*.) In conjunction with his Complaint, Plaintiff filed a Motion for Leave to Proceed without Prepayment of Fees ("*IFP* motion," Doc. 2, sealed), which the Court granted on August 11, 2008 (Doc. 3).

Plaintiff also filed a motion to consolidate (Doc. 15) as well as a motion to amend his Complaint on February 2, 2009, referring to the addition of claims and defendants, the potential consolidation with another case (08-1187-JTM-DWB), and/or the filing of a third case. (Doc. 18.) The District Court granted Plaintiff's motion to consolidate on February 27, 2009, designating the present case (08-1168) as the lead case. (Doc. 21.) This Court subsequently granted Plaintiff's Motion to Amend (Doc. 18), finding that Defendant had no objection to the proposed amendment to add FMLA claims. (Doc. 22, text entry.)

Plaintiff's Amended Complaint followed on March 16, 2009. (Doc. 25.) An

---

[1] Plaintiff also brings claims against the individually-named Defendant Larry Gengler, who shares counsel with the corporate Defendant, Aramark. For purposes of this Order, the Court's reference to "Defendant" refers to Aramark.

unsuccessful settlement conference was held on March 27, 2009. (Doc. 28, minute entry.) Motions to dismiss were filed by Defendants on April 13, 2009. (Docs. 29, 30, 31.) On June 22, 2009, the District Court struck Plaintiff's Complaint, *sua sponte*, finding that the pleading did not comply with Fed. R. Civ. P. 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. 39.) The District Court required an Amended Complaint to be filed. (*Id*.)

Plaintiff's second Amended Complaint followed on July 17, 2009 (Doc. 41), which Defendant moved to dismiss on July 31, 2009 (Doc. 44). The District Court entered its Order on November 24, 2009, granting in part and denying in part Defendant's Motion to Dismiss. (Doc. 75.) In part, the Court directed Plaintiff to file a more definite statement "to establish the dates of his FMLA leave and the contents of the medical releases he is relying on" for two of his claims as well as indicating the wages he alleges to have lost. (*Id*., at 16-17.) Despite the District Court's suggestions to the contrary, Plaintiff filed various motions relating to and/or requesting reconsideration of, the Court's Order (Doc. 76, 78, 79), which the District Court subsequently denied or found moot. (Doc. 86.)

Defendant ultimately filed its Answer to Plaintiff's second Amended Complaint on December 17, 2009, generally denying Plaintiff's claims. (Doc. 80.)

The Court entered its Scheduling Order on March 24, 2010, which, among other things, limited the parties to 25 Requests for Admission. (Doc. 93, at 3.) Plaintiff subsequently filed his motion requesting leave to file more Requests for Admission (Doc. 94), which is currently pending before the Court. The parties engaged in various discovery, including third party business records subpoenas filed by Defendants, which are also the subject of pending motions by Plaintiff. (Docs. 100, 101, 103, 104.)

## DISCUSSION

**A.     Plaintiff's "Motion for Leave to be Allowed to Have More Request for Admissions than 25 (Declaration of Necessity)" (Doc. 94).**

Plaintiff contends that his receipt of the Court's Scheduling Order was the first notice he received that there would be a limitation of 25 Requests for Admission. (Doc. 94.) This appears to be inaccurate, however, as Defendant has made the uncontroverted statement that "Plaintiff made several additions and changes to the Joint Planning Report prior to its submission to the Court, and, at no time, requested more than 25 admissions." (Doc. 97, at 1.) Even so, the Scheduling Order specifically states that additional Requests may be allowed with "prior leave of the court." (Doc. 93, at 3.)

To support a request for such leave, Plaintiff contends that considering his "14 standing claims," limiting him to 25 requests for admission will inhibit him

4

from determining a detailed understanding "of issues of facts [sic] on each claim." (Doc. 94.) The Court notes, however, that Plaintiff does not state how many Requests for Admissions he desires. Defendant counters that although Plaintiff has "several remaining claims, they are all based on, and arise from, the same set of facts." (Doc. 97, at 1.)

Fed. R. Civ. P. 16(b) (4) provides that a Scheduling Order "may be modified only for good cause and with the judge's consent." Although this language is typically discussed in regard to extending or changing the Scheduling Order's deadlines, the Court finds this standard also applicable to Plaintiff's request to modify the terms of the Scheduling Order. "This rule gives trial courts 'wide latitude in entering scheduling orders,' and modifications to such orders are reviewed for abuse of discretion." **In re Daviscourt**, 353 B.R. 674, 682 (B.A.P. 10th Cir. 2006) (citing **Burks v. Okla. Publ'g Co.**, 81 F.3d 975, 978-79 (10th Cir. 1996)).

Given Defendant's uncontroverted statement that Plaintiff actively requested changes to the parties' Joint Planning Report – without seeking changes to this particular numeric limitation – the Court cannot find that Plaintiff established good cause for the requested change at this time. Plaintiff's motion is, therefore, **DENIED**.

B. **Plaintiff's "Motion to Quash Subpoena" (Doc. 100), "Motion Sanctions (sic) for Subpoena" (Doc. 101), "Motion for Sanctions for 2nd Subpoena" (Doc 103), and "Motion to Quash 2nd Subpoena" (Doc. 104)**.

Plaintiff also moves the Court to quash two of Defendant's third-party business records subpoenas as well as requesting sanctions against Defendant in regard to those subpoenas. The first of these subpoenas seeks records concerning Plaintiff's employment with Via Christi. (Doc. 100, at 8.) The second seeks the same type of records regarding his employment with Cereal Food Processor, Inc. (Doc. 103, at 9.) Plaintiff argues the former request – which apparently encompasses documents from the 1998-2002 time frame – is improper because the requested information is irrelevant, an invasion of his privacy, constitutes an abuse of process, violates his Fourth Amendment right to be free from illegal searches and seizures, and would constitute retaliation in violation of the FMLA. (Doc. 100, at 1-3.) He makes similar arguments relating to the latter subpoena, which seeks documents from employment that occurred in 2003-2004. (Doc. 104, at 1-3.) Plaintiff regurgitates these arguments when requesting sanctions against Defendant for subpoenaing these documents. (*See generally* Docs. 101 and 103.)

Defendant responds that Plaintiff failed to follow the procedural requirements for opposing a business records subpoena. (Doc. 106, at 1-2.) Pursuant to the District Court's Local Rules, a court "will not entertain . . . a

motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 25(c), unless counsel for the moving party has conferred or made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." D. Kan. Rule 37.2. Plaintiff replies that "[i]n this case in the past, plaintiff always made efforts to contact counsel. (phone, certified mail) I got no response." (Doc. 110, at 1.) Regardless of whether Plaintiff made such efforts "in the past," he makes no mention of attempting to confer with defense counsel in regard to the present motion as <u>required</u> by D. Kan. Rule 37.2.

The Court is further inclined to deny Plaintiff's motion on substantive grounds. Defendant argues that Plaintiff's motions are frivolous and that the requested information is "clearly in the realm of appropriate discoverable information." (Doc. 106, at 2.) In opposing the discovery of the requested information, Plaintiff must meet the burden of establishing that the information is irrelevant. **Oleson v. Kmart Corp**., 175 F.R.D. 570, 571 (D.Kan. 1997). Despite Plaintiff's protestations as to the irrelevance of the requested information, he has failed to meet this burden.

Defendant argues that "[t]his is not only an employment case in which Plaintiff seeks damages for alleged employment actions, but it is also an FMLA case, the primary part of which centers around Plaintiff's medical leave and his

alleged subsequent damages." (*Id.*, at 3.) According to Defendant, "[e]mployment and medical records are clearly relevant and applicable to the case at hand, and Plaintiff has failed to show otherwise." (*Id.*) The Court agrees. Plaintiff's Motions to Quash (Docs. 100, 104) are, therefore, **DENIED**. Because the underlying motions to quash have been denied on substantive – as well as procedural – grounds, the Court also **DENIES** Plaintiff's corresponding Motions for Sanctions (Doc. 101, 103).

C.  **Defendant's "Motion to Unseal Plaintiff's *In Forma Pauperis* Pleadings" (Doc. 108, 109)**.

Defendant's lone motion before the Court sets forth its request to unseal Plaintiff's *IFP* pleadings. (Doc. 108.) Defendant states that Plaintiff has filed three separate lawsuits against it in the U.S. District Court for the District of Kansas,[2] each with an *IFP* motion. (Doc. 109, at 1.) Noting that a court may dismiss a case if it "determines that an allegation of poverty is untrue," Defendant asks to be able to review Plaintiff's *IFP* filings to "verify or discredit Plaintiffs' representation of his income in his affidavit of poverty." (*Id.*, at 2.) Defendant cites the case of ***Brewer v. Wis. Bd. of Bar Examiners*** for authority that *IFP* filings may be unsealed. No. 04-C-0694, 2007 WL 1140249 (E.D. Wis. April 17,

---

[2] Case Nos. 08-1168, 09-1356, and 10-1129.

2007) (holding that where a plaintiff provided the court with no basis for keeping motion sealed, the "'strong presumption' of openness" in court proceedings outweighs Plaintiff's presumed wish to keep her financial information "away from the curious").

Plaintiff responds that Defendant's motion constitutes actionable FMLA retaliation. (Doc. 111, at 1.) He argues, "THESE SAYINGS IN DEFENDANTS [sic] MOTION IS [sic] CLEARLY, THE MOTIVE TO HAVE PLAINTIFF'S CASE DISMISSED, IN HOPE PLAINTIFF LIED ON in forma pauperis." (*Id*., at 1.) (Emphasis in original.) The Court does not disagree that this is Defendant's intention. The hope to have a lawsuit against it dismissed and/or to test the veracity of an opposing party does not, however, equate to retaliation. The Court surmises that a large percentage of defendants sued in federal court attempt to have the case against them dismissed through dispositive motions. There is nothing "retaliatory" or improper about this process on its face.

Plaintiff continues that he does not want Defendant and its attorneys "to look into the private information in the IN FORMA PAUPERIS PLEADINGS BY PLAINTIFF." (*Id*.) (Emphasis in original.) He argues that he does not "trust" Defendants with this information. A review of the document, however, shows that much of the "private" information implicated would be information that

9

Defendant, as Plaintiff's employer, would typically know (*i.e.*, home address, age, marital status, employment information, income, even the make and model of Plaintiff's automobile). (*See*, Doc. 7.) While Plaintiff's *IFP* filing in the present case lists the amounts of his monthly expenses and cash on hand, there are no account numbers listed and there are not even names of account-holders or creditors. Assuming Plaintiff's financial status was represented truthfully, the Court sees absolutely no reason why Plaintiff would be unduly prejudiced by allowing Defendant to review the document.[3]

The Court finds that Defendant should be entitled to have access to Plaintiff's IFP filing, but that can be accomplished without unsealing the document. Accordingly, the Clerk of the Court is hereby directed to allow counsel in this case to have electronic access to Plaintiff's IFP filing. (Doc. 2.) This will keep the information in the IFP filing from general dissemination to the public at large. Therefore, Defendant's Motion (Doc. 108) is **DENIED, provided however,** that Defendant is hereby granted electronic access to the subject IFP filing.

---

[3] To the extent Plaintiff wants to keep the information from public consumption, Defendant has agreed to a protective order limiting disclosure to Defendant and its attorneys. Plaintiff's response, however, makes no mention of this concern. Rather, Plaintiff's only objection is to providing the information to Defendant and its attorneys. As such, the Court sees no need for the entry of such a protective order.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Leave to be Allowed to Have More Request for Admissions than 25 (Declaration of Necessity)" (Doc. 94) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Quash Subpoena" (Doc. 100), "Motion Sanctions (sic) for Subpoena" (Doc. 101), "Motion for Sanctions for 2nd Subpoena" (Doc 103), and "Motion to Quash 2nd Subpoena" (Doc. 104) are also **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's "Motion to Unseal Plaintiff's *In Forma Pauperis* Pleadings" (Doc. 109) is **DENIED, provided however,** that Defendant is hereby granted electronic access to the subject IFP filing. <u>If Defendant subsequently seeks to file pleadings which disclose the financial information contained in the IFP filing in this case or in the other related federal court cases, those filings shall be made under seal.</u>

Dated at Wichita, Kansas, on this 24th day of June, 2010.

  s/ D<small>ONALD</small> W. B<small>OSTWICK</small>
DONALD W. BOSTWICK
United States Magistrate Judge