IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

QUINCEY GERALD KEELER, )
)
        Plaintiff, )
)
vs. ) Case No. 08-1168-MLB-KGG
)
ARAMARK, )
)
        Defendant. )
)

# ORDER

Before the Court is Plaintiff's "Motion to Compel, Motion for Leave for Discovery to be Answered, and Motion for Extention [sic] of Time to Respond to Defendants [sic] Motion for Summary Judgement [sic]." (Doc. 137.) Defendant Aramark has responded in opposition (Doc. 138)[1] and Plaintiff has replied (Doc. 139). Having reviewed the submissions of the parties, the Court is prepared to rule on Plaintiff's motion.

# BACKGROUND

The factual and procedural background of this case was summarized in the

---

[1] Individual Defendant Larry Gengler submitted a filing, joining in Defendant Aramark's response to Plaintiff's motion. (Doc. 139.) Thus, any reference herein to "Defendant" or Defendants" shall encompass Defendant Gengler where appropriate.

Court's June 24, 2010, Order on the parties various motions. (Doc. 117.) That summary is incorporated herein by reference.

Plaintiff served the discovery at issue on May 26, 2010. (Doc. 112.) Defendant Aramark's responses and objections were mailed on June 18, 2010. (Docs. 115.) Plaintiff brings the present motion arguing the following:

1. Defendant answered only 14 of 25 interrogatories;

2. Defendant was instructed, but refused, to state facts and attach documents for any Request for Admission they denied;

3. Defendant refused to provide Plaintiff with a transcript of his deposition; and

4. Defendant failed to provide witness statements to Plaintiff.

The Court will address each of these issues in turn. The Court notes, however, that neither party has provided the Court with a copy of Defendant's discovery responses as an exhibit or attachment to the relevant filings. As such, this somewhat limits the Court's analysis of the underlying discovery issues.

## **DISCUSSION**

**A. Number of Interrogatories**.

The Scheduling Order in this case limits each party to 25 interrogatories "including all discrete subparts . . ." (Doc. 93, at 3.) Plaintiff argues that

Defendant answered only 14 of his 25 interrogatories. (Doc. 137, at 1.) Defendant responds that Plaintiff fully contributed to the preparation of the Court's March 24, 2010 Scheduling Order, which limited the number of interrogatories to 25, and Plaintiff should be held to those limits." (Doc. 138, at 2.)

Whether a subpart should be counted as a separate interrogatory depends on a determination of whether the subpart seeks information on "discrete" subjects. *See* ***Williams v. Bd. of Cty. Comm'rs,*** 192 F.R.D. 698, 701 (D.Kan. 2000). The Advisory Committee Notes to the 1993 amendment provide the following guidance as to when subparts should and should not count as separate interrogatories:

> Parties cannot evade [the] presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

146 F.R.D. 401, 675-76. A respected commentator elaborated as follows:

> [I]t would appear that an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired about may be disputable. On the other hand, an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of the interrogatory.

3

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2168.1 at 261 (2d ed.1994). Other courts have reasoned that if subparts are subsumed within or logically and necessarily related to the primary question, they should be counted as one interrogatory. *See **Kendall v. GES Exposition Services, Inc.,*** 174 F.R.D. 684 (D.Nev. 1997); *but see **Aetna Cas. & Sur. Co. v. W.W. Grainger, Inc.,*** 170 F.R.D. 454 (D.Wis. 1997) (interpreting local rule to require that each subpart be counted separately).

It is well-settled that discovery requests must be relevant on their face. ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *Cf.* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); ***Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome").

Finding Plaintiff's interrogatories to be relevant on their face,[2] the Court also finds that Defendant has failed to meet its burden to adequately defend this motion to compel and address how the interrogatories at issue constitute more than 25, including discrete subparts. While Plaintiff has submitted his interrogatories as an attachment to his motion (Doc. 137, at 9-15), neither party has submitted Defendant's responses – which the Court surmises would include some type of discussion of Defendant's basis for the supernumerary objection. Further, Defendant's response to Plaintiff's motion to compel makes no effort to analyze, or even identify, the alleged discrete subparts involved in each interrogatory. Rather, Defendant devotes the relevant portion of its response to merely arguing that Plaintiff cannot rely on his supposed unawareness of the rules of discovery to require Defendant to answer "more than the agreed upon 25 interrogatories, including subparts." (Doc. 138, at 2.) As such, Defendant has not met its burden to establish the existence of more than 25 interrogatories (including discrete subparts) and the Court therefore **GRANTS** this portion of Plaintiff's motion.

**B.     Unqualified Responses to Requests for Admissions**.

Plaintiff next argues that Defendant was "instructed, if they denied a [sic] admission, to states [sic] facts and attach documents for the said denial." (Doc.

---

[2] The Court notes that Defendant's response to Plaintiff's motion does not contain any objection to, or discussion of, the relevance of the underlying interrogatories.

137, at 1.) According to Plaintiff, Defendant "denied each admission and said they, [sic] will not answer a denial, due to they already, [sic] answered 25 interrogatories." (*Id*.)

Requests for Admissions are governed by Fed.R.Civ.P. 36, which states in relevant part:

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a party of a matter, the answer must specify the part admitted and quality or deny the rest.

Defendant contends that it gave either unqualified answers or stated the reasons for any qualified answers. (Doc. 138, at 3.) Plaintiff's reply does not controvert this statement. (*See* Doc. 140.) Because the Court has not been allowed to review the underlying responses to determine if this is correct, Defendant's statement must be accepted as true.

Further, Plaintiff argues only that "with request for admissions plaintiff, [sic] feels if defendants, [sic] are going to deny a answer [sic], they should state, [sic] supported facts for the denial." (Doc. 140.) This argument directly contravenes the parameters of Fed.R.Civ.P. 36, discussed above. Thus, this portion of Plaintiff's motion is **DENIED**.

C.  **Deposition Transcript**.

Plaintiff next argues that in responding to his Requests for Production, Defendant did not provide him with full transcripts of the depositions it intends to use at trial. (Doc. 137, at 1.) Rather, Defendant apparently gave Plaintiff copies of the front covers of any such depositions "and only bits and pieces" of Plaintiff's deposition transcript. (*Id*.) Defendant correctly argues that "Plaintiff has the right to procure his own deposition transcript, but the responsibility to provide him with the same is clearly outside the purview of [Defendant's] duties." (Doc. 138, at 3.) This portion of Plaintiff's motion is hereby **DENIED**.

D.  **Witness Statements**.

The final discovery request at issue relates to Defendant's refusal to provide Plaintiff with witness statements to be used at trial. (Doc. 137, at 1.) Defendant indicates it has no witness statements and, as such, is "not compelled to take any by any rule or legal theory." (Doc. 138, at 3-4.). The Court agrees. This portion of Plaintiff's motion is, therefore, **DENIED**.

E.  **Motion for Extension of Time**.

The title of Plaintiff's motion also requests an extension of time to respond to Defendant's Motion for Summary Judgment. Defendant notes that Plaintiff has "failed to provide the Court with the date to which he requires the extension."

(Doc. 138, a t 4.) Defendant also argues that Plaintiff merely files motions to delay the legal process and "waited until <u>two</u> days before his response to [Defendant Aramark's] Motion for Summary Judgment was due to ask for an indefinite extension." (*Id*.)

These, in the Court's opinion, are not sufficient reasons to deny Plaintiff's request for an extension. Plaintiff's requested extension was timely filed before the deadline expired for him to respond to Defendant's summary judgment motion. Further, because the Court is requiring Defendant to provide additional discovery responses, as discussed *supra*, which may be relevant to Plaintiff's summary judgment response, the Court finds there is good cause to provide the extension. Plaintiff's requested extension is, therefore, **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Compel, Motion for Leave for Discovery to Be Answered, And Motion for Extention [sic] of Time to Respond to Defendants Motion for Summary Judgment" (Doc. 137) is hereby **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS FURTHER ORDERED** that Defendant shall provide supplemental responses to Plaintiff's interrogatories on or before **September 30, 2010**.

**IT IS FURTHER ORDERED** that Plaintiff's requested extension is **GRANTED** and he is given until **October 14, 2010**, to file a response to Defendant's summary judgment motion.

Dated at Wichita, Kansas, on this 8th day of September, 2010.

    s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge