# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

QUINCEY GERALD KEELER, )
)
        Plaintiff, )
)
vs. ) Case No. 08-1168-MLB-DWB
)
ARAMARK, )
)
        Defendant. )
)

## ORDER ON "MOTION FOR DEFAULT JUDGMENT (SANCTIONS)"

Currently before the Court is Plaintiff's "Motion for Default Judgment (Sanctions) on Claims 15, 16, and 17." (Doc. 148.) Although labeled a motion for default judgment, Plaintiff's filing is actually a motion to compel. In the motion, he does, however, request default judgment as a sanction for Defendant's allegedly "harassing and very incomplete" supplemental discovery responses. (*Id*., at 5.)

Plaintiff asserts that Defendant has failed to comply with this Court's September 8, 2010, discovery order (Doc. 141) granting in part a prior motion to compel filed by Plaintiff (Doc. 137). In accordance with that order, Defendant sent discovery responses and objections to Plaintiff on September 30, 2010. (Doc. 152-4.) Thereafter, Plaintiff sent two letters to defense counsel addressing remaining

underlying issues and demanding supplemental responses. (Doc. 152-5, 152-7.) In response to Plaintiff's demands, Defendant sent supplemental discovery responses on October 18, 2010. (Doc. 152-9.)

Plaintiff filed the present motion (Doc. 148) on November 1, 2010, without first conferring with defense counsel regarding the alleged deficiencies in Defendant's supplemental responses (Doc. 152-9). This is in direct contravention of D. Kan. Rule 37.2, which requires counsel for the moving party to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." The rule makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." Although defense counsel received a letter from Plaintiff, it was not dated until November 5, 2010 – four days *after* the filing of the present motion.[1] (Doc. 152-10.) As such, Plaintiff's motion is **DENIED**.

Furthermore, compliance with Rule 37.2 would not have resulted in relief as

---

[1] Plaintiff contends that he made a "mailing mistake" on October 29, 2010, and had to resend the letter on November 5th. (*Id.*) Even if the Court assumes this to be true, October 29, 2010, was a Friday. Thus, anything mailed on that date would not have been received until Monday, November 1, 2010 – the date on which Plaintiff filed the present motion. As such, Defendant would not have had time to evaluate Plaintiff's demands and formulate a response before the filing of the motion on November 1, 2010.

2

to this motion.  Plaintiff has not met his burden of establishing that Defendant's responses were inadequate.  Plaintiff's objections appear to focus primarily on complaints that the responses are incorrect or untrue.  If material to the case, these disputes are for resolution at trial.  Plaintiff is not entitled to use the discovery process to bludgeon the defense into agreeing with his claims.

In its response, Defendant has requested fees.  Plaintiff previously obtained an order compelling production of documents, and obtained supplemental responses from Defendant through an exchange of letters.  In this context, the present motion, though unsuccessful, is not frivolous.  An award of fees is, therefore, inappropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Default Judgment (Sanctions)" (Doc. 148) is **DENIED**.

Dated at Wichita, Kansas, on this 16th day of February, 2011.

    S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge